IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KATHLEEN BATES, Special Administrator of the Estate of Brian Bates, deceased, <br><br> Plaintiff, <br><br> v. <br><br> ROHM & HAAS COMPANY, et al. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:10-cv-07486 <br><br> Hon. Frederick J. Kapala <br><br> Magistrate Judge P. Michael Mahoney |

**DEFENDANT NOR-AM AGRO, LLC f/k/a NOR-AM CHEMICAL COMPANY'S MOTION TO RECONSIDER THE DENIAL OF ITS MOTION TO DISMISS**

Defendant NOR-AM Agro, LLC, f/k/a NOR-AM Chemical Company ("Nor-Am"), moves this court to reconsider the denial of its motion to dismiss Plaintiff's Complaint as barred by the doctrine of *res judicata*. On August 5, 2011, the court denied Nor-Am's motion based on Plaintiff's allegation that Brian Bates had been exposed to "Galecron and/or chlordimeform." (Compl., Count IV, ¶ 2). As a result, the court ruled there was a question of fact whether Brian was a Nor-Am Exposed Person under the Settlement Agreement in *Woodward v. NOR-AM Chemical Company*, No. 94-0780-CB-C ("Woodward Lawsuit") (See Exh. A) (*Woodward* Stipulation of Settlement, Case No. 94-0780, S.D. Ala., Dkt. Nos. 32 and 36). Nor-Am has now learned that this allegation is false. Brian had already submitted a claim in the *Woodward* Settlement in 1995 (See Exh. B). In that application, Brian represented <u>under oath pursuant to 28 U.S.C. § 1846,</u> that he was exposed to Fundal only and was never exposed to Galecron. (Exh. B, p. 3). Based on that sworn representation, he was admitted as a member of the Nor-Am Class and received medical monitoring and compensation for twelve years. (See Exh. B, p. 7).

The application Brian submitted specifically stated that it was "for persons occupationally exposed to Fundal only." Furthermore, it informed Brian that anyone claiming exposure to Fundal and Galecron or Galecron only" had to contact a different party and submit different applications. (Exh. B, p. 1). On the application, Brian was specifically asked "Has the person on whose behalf this claim is being submitted ever worked with or been exposed to Galecron in an occupation setting?" Brian answered "No." (Exh. B, p. 3). He verified this statement "UNDER PENALTY OF PERJURY pursuant to 28 U.S.C. § 1846." (Exh. B, p. 6) (emphasis in original). As a result, he was admitted as Woodward Class Settlement Member, because he was a Nor-Am Exposed Person and received medical monitoring benefits totaling over $70,000. (Exh. B, p. 7).

Plaintiff has therefore based Count IV upon a materially false allegation. That false allegation subjected Defendants to substantial and unjustified expense. Moreover, Plaintiff expanded on that falsity when she argued to this court explicitly that "it remains a genuine issue of material fact as to whether Plaintiff was a "Nor-Am Exposed Person." (Plaintiff's Memorandum In Support of Her Response to BASF Corporation's Motion to Dismiss (Res Judicata) p. 3, Dkt. No. 61) which Plaintiff incorporated as her response to Nor-Am's motion. Plaintiff therefore not only made a false allegation, but further perpetuated it as the cornerstone to opposing the motions to dismiss, subjecting Defendants to further unnecessary expenses and inducing the Court to make a ruling based on false information.

Section III of the Woodward Stipulation provides as follows:

Submission of CLAIMS under this STIPULATION shall be the exclusive remedy of all WOODWARD SETTLEMENT CLASS MEMBERS for any claim against either the NOR-AM FUNDS, the DEFENDANT or the ADDITIONAL RELEASEE(S) and a CLAIM submitted hereunder shall be in lieu of any other

> remedy or right of action against the NOR-AM FUNDS, the DEFENDANT or the ADDITIONAL RELEASEE(S) except as specifically provided in this STIPULATION. Accordingly no DEFENDANT or ADDITIONAL RELEASEE shall be subject to liability or exposure of any kind to any WOODWARD SETTLEMENT CLASS MEMBER with respect to any CLAIM other than as set forth in this STIPULATION and each WOODWARD SETTLEMENT CLASS MEMBER, upon the court's entry of an order approving the STIPULATION, shall be enjoined by that order from instituting or maintaining any claim against the DEFENDANT or the ADDITIONAL RELEASEES in any state or federal court or other forum, other than as stated in this STIPULATION.

The Defendant is defined as Nor-Am Chemical Company (Exh. A, I(T)), and Additional Releasees include Ciba-Geigy Corporation (Exh. A, I(B)). As a result, the submission of Brian's claim was the exclusive remedy available to him. The present claim is not only barred, but Plaintiff is actually enjoined from instituting or maintaining it.

Section X of the Woodward Stipulation also provided that any claim operated as a complete release of Nor-Am and the additional releasees:

> approval of the STIPULATION shall operate as a release by each WOODWARD CLASS SETTLEMENT MEMBER of the DEFENDANT and the ADDITIONAL RELEASEE(S) pursuant to which all CLAIMS are settled, released and dismissed in their entirety, on the merits and with prejudice.

Plaintiff and her counsel also submitted a claim for death benefits in the Woodward Settlement, specifically on behalf of a Brian Bates as a "Nor-Am Exposed Person." (Exh. B, p. 5). Plaintiff represented that she was the spouse of a "Nor-Am Exposed Person." In that claim, Plaintiff represented that Brian Bates had died of bladder cancer, a compensable condition. In actuality, Brian Bates' death certificate indicated that he died of lung cancer, a non-compensable condition. (Exh. B). Plaintiff's claim was denied on that basis. Nevertheless, the Woodward Settlement provides a very comprehensive Dispute Resolution process for review of that determination in the event that Plaintiff feels it was incorrect. (Exh. A, XXI). That process includes evaluation by

an established Medical Advisory Panel. Regardless of whether any death benefits are available, the submission of the original claim of the claim is the "exclusive remedy" and Plaintiff is barred by res judicata and is enjoined from proceeding with this case.

WHEREFORE, for the reasons stated herein, and for the reasons stated in Syngenta Crop Protection Inc.'s Motion to Dismiss, Supplemental Memorandum and Exhibits (Dkt. 31), Defendant NOR-AM Agro, LLC respectfully requests that this Court reconsider its denial of its Motion to Dismiss Plaintiff's Complaint, and Dismiss Count IV of that Complaint with prejudice, and grant such further and additional relief as the Court deems just.

Kevin J. Clancy  
LOWIS & GELLEN  /s/ Kevin J. Clancy  
200 West Adams Street  
Suite 1900  
Chicago, Illinois 60606  
(312) 364-2500

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 11, 2011, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case.

/s/ Kevin J. Clancy